IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES ERNEST BENTON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 21-CV-4362 |
| JAMES ERNEST BENTON, JR., *et al.*,<br>    Defendants. | :<br>:<br>: |

MEMORANDUM

**SLOMSKY, J.**                                                                                                         **JANUARY 3, 2022**

      James Ernest Benton, a convicted prisoner currently incarcerated at SCI-Huntingdon, filed this civil rights action pursuant to 42 U.S.C. § 1983. Benton seeks leave to proceed i*n forma pauperis*. For the following reasons, Benton will be granted leave to proceed *in forma pauperis*, and his Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**I.    FACTUAL ALLEGATIONS**

      Benton has named the following Defendants: James Ernest Benton, Jr. (identified in the Complaint as a "private property/chattel-slave/vessel, Quasi In Rem"),[1] the Commonwealth of Pennsylvania (identified as a "political subdivision/subcorporation of United States, Inc."), Delaware County, and John Rivello (identified as the "slave-master/facility manager and Superintendent of SCI Huntingdon, In Personam"). (ECF No. 1 at 1.)[2]

---

[1] A search of public dockets reflects that Benton has been charged under the name James Ernest Benton Jr. with additional aliases of James E. Benton, James E. Benton Jr., James Ernest Benton, James Ernest Benton Jr. *See Commonwealth v. Benton*, Docket No. CP-23-CR-0005267-2018 (Delaware Cty. Common Pleas). The Court understands that James Ernest Benton and James Ernest Benton Jr. are the same individual.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

Public dockets reflect that on March 7, 2019, Benton pled guilty to charges of aggravated assault, firearms not to be carried without a license, and possession of a prohibited firearm. *See Commonwealth v. Benton*, Docket No. CP-23-CR-0005267-2018 (C.P. Delaware). The docket reflects that Benton filed a Petition for Post-Conviction Collateral Relief ("PCRA") on November 7, 2019, and on December 17, 2021, the PCRA Court issued a notice of intent to dismiss the PCRA petition without a hearing. (*Id.*) Benton's conviction has not been vacated or otherwise invalidated. (*Id.*)

Benton's Complaint in this civil action is difficult to understand. He has titled his Complaint as follows:

> EX PARTE COMPLAINT QUASI IN REM AND IN PERSONAM for RECITIFICATION OF QUASI CRIMINAL PROSECUTION/PROHIBITORY DECREE and MISPLEADING SOLELY BASED UPON 'MISNOMER' OF CRIMINAL INDICTMENT OF CONSTITUTIONAL VIOLATIONS FOR ACTS OF CONGRESS RELIEF DEMANDED

(*Id.*) Benton also cites to violations of the "5th, 6th, 8th, and 9th Amendments" and refers to false arrest and false imprisonment. (*Id.* at 1, 17.)

Benton asserts that the "presiding judge, prosecutor, and attorneys in the STATE proceedings failed to disclose" to him that "the cause is of a maritime nature, in a statutory maritime jurisdiction, as an 'admiralty' proceeding, which is, in fact, a commercial and/or civil action" which violated "due process of law, of the 5th and 6th Amendments of the Constitution of the United States." (*Id.* at 5.) Benton also cites to the federal *habeas corpus* statute, 28 U.S.C. § 2254, alleging that "[i]f they were instructed that the whole criminal prosecution from its inception was in fact a commercial/civil action, and the fact that the cause is of a maritime nature in a statutory maritime jurisdiction under the admiralty jurisdiction of the court, applicant could not have been found guilty." (*Id.*) Benton avers that he "is entitled to bring a civil action

under the admiralty and maritime in order to remove the quasi-criminal prosecution and/or conviction." (*Id.* at 7-8.) He requests that the "Hon. Judge of the Court . . . discharge with prejudice COMMONWEALTH OF PENNSYLVANIA vs. JAMES ERNEST BENTON JR®©™®, Case No. CP-23-CR-0005267-2018, CP-23-MD-0001676-2018, and MJ-32237-CR-0000256-2018, of the unconstitutional interdict/prohibitory decree/sentencing and/or sentence of this entire matter, which are acts of Congress and constitutional violations of the 5th, 6th, 8th, and 9th amendments, for lack of subject matter jurisdiction." (*Id.* at 9.)

Benton further alleges that John Rivello, "an employee/facility manager (i.e. slave-master/bailee) at SCI-Huntingdon," is holding him in "forced restraint against his will" in violation of the 8th Amendment.[3] (*Id.* at 21.) Rivello "is currently holding the living-flesh-and-blood-man" under "false imprisonment in the personal restraint and private custody under color of authority of the Commonwealth of Pennsylvania." (*Id.*) Benton avers that "exigent circumstances exist and for this Court's issuance of an immediate 'mandatory injunction' ordering defendant John Rivello to discharge and/or release said private property/chattel-slave/vessel/commitment name: JAMES ERNEST BENTON JR®©™®, from his private custody and restraint pursuant to constitutional violations of the 5th, 6th, 8th, and 9th amendments." (*Id.* at 22; *see also id.* at 23 (demanding as equitable relief "that this Honorable United States District Court 'correct' the artifice of the 'misnomer' by the STATE Court that led to the Conviction and sentencing of private litigant, now being held as 'surety' through hypothecations . . . and discharge and/or dismiss such 'quasi estoppel' with prejudice, and release private litigant forthwith").) Attached to the Complaint are copies of the Information and

---

[3] The Court takes judicial notice that Rivello is the Superintendent of SCI-Huntingdon. *See* https://www.cor.pa.gov/Facilities/StatePrisons/Pages/Huntingdon.aspx#.V4jsmHV97lM (last visited 12/27/21).

Police Criminal Complaint pertaining to *Commonwealth v. Benton*, Docket No. CP-23-CR-0005267-2018 (C.P. Delaware).

## II.     STANDARD OF REVIEW

The Court will grant Benton leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  As Benton is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th

---

[4] However, as Benton is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Benton's pleading and attachments fail to state a legal basis for a plausible claim. Other than irrelevant statements of legal fictions and sovereign citizen verbiage, Benton asserts no facts to demonstrate any viable cause of action. "[L]egal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity. *See United States v. Wunder*, Civ. A. No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (discussing the futility of the sovereign citizen verbiage in collection claim for student loan); *United States v. Crawford*, Civ. A. No. 19-15776, 2019 WL 5677750, at *1 (D.N.J. Nov. 1, 2019) (holding that criminal defendant's attempt to use fake UCC financing statements against prosecutor was a legal nullity); *Banks v. Florida*, Civ. A. No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by

sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars").

Construing his allegations liberally, Benton's claims for injunctive relief are best interpreted as asserting constitutional claims challenging his Delaware County criminal conviction. His claims, however, are not cognizable under § 1983 to the extent he is seeking release. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, to the extent Benton seeks "immediate discharge and/or release" (*id.* at 22), he must pursue those claims in a *habeas corpus* petition filed pursuant to 28 U.S.C. § 2254, after exhausting state remedies, rather than a civil rights action.[5] *See, e.g., Sanchez v. Walton*, Civ. A. No. 18-3415, 2018 WL 4689454, at *2 (E.D. Pa. Sept. 28, 2018) (holding that "any challenge to the calculation of Sanchez's sentence may only be pursued in federal court by filing a petition for a writ of habeas corpus").

While unclear, to the extent that Benton seeks money damages based on a wrongful conviction, this claim is also not cognizable. Pursuant to the favorable termination rule, "a harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983 unless that conviction or sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Court of Appeals for the

---

[5] The dismissal of this § 1983 case does "not constitute a bar to any collateral attacks by [Benton] against his state proceedings." *Rushing v. Pennsylvania*, 637 F. App'x 55, 58 n.4 (3d Cir. 2016) (per curiam).

Third Circuit has interpreted *Heck* to mean that "a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Gilles v. Davis*, 427 F.3d 197, 208-09 (3d Cir. 2005). Because Benton's conviction and sentence have not been reversed, expunged, or otherwise invalidated, his damages claims are currently not cognizable under § 1983. *See Curry v. Yachera*, 835 F.3d 373, 378-79 (3d Cir. 2016) (holding that plaintiff's failure to allege that his conviction was declared invalid warranted dismissal of his § 1983 claim); *see also Brown v. City of Phila.*, 339 F. App'x. 143, 145 (3d Cir. 2009) (noting that a § 1983 claim "based on an allegedly unconstitutional conviction or sentence does not accrue until the invalidation of that conviction or sentence.").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Benton leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Benton's claims seeking "immediate discharge and/or release" (ECF No. 1 at 22) are dismissed with prejudice because amendment of those claims would be futile. This dismissal does not prevent Benton from proceeding in a new case on a petition for a writ of *habeas corpus* after exhausting state remedies, to the extent he seeks immediate release from confinement based on the alleged unconstitutionality of his imprisonment. Any remaining claims challenging Benton's conviction are dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[6]

---

[6] The dismissal is without prejudice to Benton filing a new case only in the event his underlying conviction is reversed, vacated, or otherwise invalidated.

An appropriate Order follows.

BY THE COURT:


/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**