IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES ERNEST BENTON,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-4362 |
| | : | |
| **JAMES ERNEST BENTON, JR.,** *et al.*, | : | |
| Defendants. | : | |

### ORDER

AND NOW, this 3rd day of January, 2022, upon consideration of James Ernest Benton's Motion to Proceed *In Forma Pauperis* (ECF No. 4), Prisoner Trust Fund Account Statement (ECF No. 5), and *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. James Ernest Benton, #NT-7298, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Huntingdon or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Benton's inmate account; or (b) the average monthly balance in Benton's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Benton's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Benton's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

      3.      The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI Huntingdon.

      4.      The Complaint is **DEEMED** filed.

      5.      For the reasons discussed in the Court's Memorandum, Benton's Complaint is **DISMISSED** in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Benton's claims seeking "immediate discharge and/or release" are **DISMISSED WITH PREJUDICE**.[1] Benton's claims challenging his conviction and related imprisonment are **DISMISSED WITHOUT PREJUDICE**,[2] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Benton is not granted leave to file an amended complaint in this matter.

      6.      The Clerk of Court shall **CLOSE** this case.

                                      **BY THE COURT:**

                                    /s/Joel H. Slomsky, J.
                                    **JOEL H. SLOMSKY, J.**

---

[1] This dismissal does not prevent Benton from proceeding in a new case on a petition for a writ of *habeas corpus* after exhausting state remedies, to the extent he seeks immediate release from confinement based on the alleged unconstitutionality of his imprisonment.

[2] The dismissal is without prejudice to Benton filing a new case only in the event his underlying conviction is reversed, vacated, or otherwise invalidated.